IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-40019-JPG |
| ) | |
| ROBERT R. BANKS, ) | |
| ) | |
| Defendant. ) | |

**INFORMATION PURSUANT TO TITLE 21, UNITED STATES CODE,
SECTION 851 TO ESTABLISH PRIOR CONVICTION**

Comes now the United States of America, by and through its attorneys, Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, and Amanda A. Robertson, Assistant United States Attorney and states:

1.  That the defendant ROBERT R. BANKS has been indicted in a superseding indictment in the above-entitled cause as follows:

**SECOND SUPERSEDING INDICTMENT**

**Count 1**

From in or about September, 1998, to on or about February 22, 2003, in Jackson and Williamson Counties, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally combine, conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing cocaine base, "crack cocaine," a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## Count 2

From in or about September, 1998, to on or about February 22, 2003, in Jackson and Williamson Counties, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally combine, conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); all in violation of Title 21, United States Code, Section 846.

## Count 3

From in or about September, 1998, to in or about February 2001, in Jackson and Williamson Counties, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally combine, conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute a mixture or substance containing marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D); all in violation of Title 21, United States Code, Section 846.

## Count 4

On or about February 1, 2001, in Jackson County, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally distribute a mixture or substance containing

marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

### Count 5

On or about February 17, 2003, in Williamson County, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### Count 6

On or about February 22, 2003, in Williamson County, within the Southern District of Illinois,

**ROBERT R. BANKS,**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.   That Title 21, United States Code, Section 841(b)(1)(A) provides in part that:

If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $8,000,000 if the defendant is an individual or $20,000,000 if the defendant is other than an individual, or both.  If any person commits a violation of this subparagraph or of section 849, 859, 860 or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment

without release and fined in accordance with the preceding sentence. Any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.  No person sentenced under the subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

3.      That Title 21, United States Code, Section 841(b)(1)(B) provides in part that:

If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both.  Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.  No person sentenced under the subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

4.      That Title 21, United States Code, Section 841(b)(1)(C) provides in part that:

If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $10,000,00 if the defendant is other than an individual, or both.  Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment . . .

5.      That Title 21, United States Code, Section 802(44) provides:

> As used in this subchapter . . . the term "Felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or Foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or Stimulant substances.

6. That on or about October 10, 1998, the defendant, ROBERT R. BANKS, was charged by Information in Jackson County Circuit Court in Case Number 98-CF-486, with Unlawful Possession of Cannabis With Intent to Deliver.

7. That on or about November 30, 1998, the defendant, ROBERT R. BANKS, pled guilty to said charge.

8. That on or about November 30, 1998, the defendant, ROBERT R. BANKS was sentenced to 18 months' probation in said case.

9. That said offense was a felony drug offenses as defined in Title 21, United States Code, Sections 802(44).

10. That the defendant, ROBERT R. BANKS, committed the offenses with which he is now charged after his conviction in Jackson County Case Number 98-CF-486 had become final.

11. That the United States will rely upon the aforementioned convictions to enhance the defendant's punishment as set forth in Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(B), or 841(b)(1)(C) and 851.

> RONALD J. TENPAS
> United States Attorney
>
> s/ AMANDA A. ROBERTSON
> Assistant United States Attorney
> 402 West Main Street, Suite 2A
> Benton, IL 62812
> Phone: (618) 439-3808 Ext. 103
> Fax: (618) 439-2401
> E-mail: amanda.robertson@usdoj.gov

## Certificate of Service

      I hereby certify that on November 6, 2004, I electronically filed

**Information Pursuant to Title 21, United States Code, Section 851 to Establish Prior Conviction**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Alok A. Kale
Humphrey, Siegler, et al.
1221 Locust Street Suite 504
St. Louis, MO 63103

      Respectfully submitted,

      RONALD J. TENPAS
      United States Attorney

      s/ AMANDA A. ROBERTSON
      Assistant United States Attorney
      402 West Main Street, Suite 2A
      Benton, IL 62812
      Phone: (618) 439-3808 Ext. 103
      Fax: (618) 439-2401
      E-mail: amanda.robertson@usdoj.gov