UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-cr-40019-JPG |
| ) | |
| ROBERT R. BANKS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defense counsel's Motion to Withdraw and "No Merits" Statement (Doc. 138). The Court previously appointed defense counsel to this case to determine whether Defendant Robert Banks was eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. Defense counsel now moves to withdraw on the basis that she can make no non-frivolous arguments in support of a reduction. *Anders v. California*, 386 U.S. 738, 744 (1967). Despite the allowance of a response period by the Court, Doc. 139, Banks did not file a response. Meanwhile, the Government filed a Response (Doc. 140) that agreed with the basic assertions and relief sought by defense counsel.

On November 8, 2004, Banks pled guilty to, *inter alia*, one count of conspiracy to distribute cocaine (Count II) and two counts of distribution of cocaine (Counts V and VI). At sentencing, the Court found by a preponderance of the evidence that Banks' relevant conduct amount was 28 kilograms of crack cocaine. This relevant conduct amount, coupled with a criminal history category of III, meant Banks faced an advisory guideline range of 262 to 327 months imprisonment. The Court ultimately sentenced Banks to 360 months on all counts to run concurrently. Banks now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Banks cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing

fewer than 4.5 kilograms of crack cocaine"). Banks was sentenced based on relevant conduct that exceeded 4.5 kilograms of crack cocaine. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Banks cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** defense counsel's Motion to Withdraw and "No Merits" Statement (Doc. 138). Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this order to Robert Banks, Reg. No. 05834-025, FCI Oakdale, Federal Correctional Institution, P.O. Box 5000, Oakdale, Louisiana 71463.

**IT IS SO ORDERED.**
**DATED: November 30, 2010**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**