UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 03-cr-40019-JPG |
| ROBERT R. BANKS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Robert R. Banks' motion to correct a clerical error (Doc. 142) and motion for a ruling (Doc. 145).

In his motion to correct a clerical error, Banks asks the Court to change the Information (Doc. 68) filed by the Government that he claims erroneously labels what he believes is a misdemeanor conviction as a felony, as well as any other documents that reflect this alleged error. He believes Federal Rule of Criminal Procedure provides authority for such changes. Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

This matter can be resolved quite quickly because the alleged "clerical error" of which Banks complains was not "clerical" in nature. Instead, it was a legal allegation by the Government, accepted by the Court, that his prior conviction was categorized as a felony for the purposes of an enhancement under 21 U.S.C. § 851. Since it is not a clerical error, the Court **DENIES** his motion (Doc. 142).

The Court further suspects that Banks may be seeking to "correct" the aforementioned "clerical error" in an effort to vacate his sentence, although he does not make that request before

the Court at this time.  The Court notes that it does not have jurisdiction to entertain a request to vacate Banks' sentence, which must be brought under 28 U.S.C. § 2255, because Banks has already filed a § 2255 motion (Case No. 08-cv-63) and the Court of Appeals has not authorized him to file a second or successive motion.  *See* 28 U.S.C. § 2255, ¶ 8;  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007);  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  However, since Banks has not explicitly requested a change in his sentence, the Court declines to construe his pending motion to correct a clerical error as such a motion.

In light of this ruling, Banks' motion for a ruling (Doc. 145) is **MOOT**.

**IT IS SO ORDERED.**
**DATED:  September 19, 2012**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**