IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.   03-cr-40019- JPG |
| ROBERT R. BANKS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Robert R. Banks' *pro se* motion (Doc. 148) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 177).  The Government has not responded to the defendant's motion and the Federal Public Defenders' Office has declined to enter an appearance.

On November 8, 2004, the defendant pled guilty to Counts 2, 4, 5, and 6 of the second superseding indictment alleging that the defendant conspired with others to distribute cocaine and that the defendant knowingly and intentionally distributed marijuana and cocaine.  (Doc. 70). Defendant was sentenced to a total of 360 months to the Bureau of Prisons, fined a total of $1,00.00, and supervised release for a total of 10 years.   (Doc. 91).

Defendant appealed and the matter was remanded for a more definite statement as to the condition of supervised release pertaining to drug testing.  (Doc. 124).  The Court imposed the same term of imprisonment, fine, and supervised release[1] at resentencing on May 11, 2007. (Doc. 129).

---

[1] The Court clarified the condition of supervised release with regard to drug testing.

On August 10, 2010, defendant's counsel entered a Motion to Withdraw and "No Merits" Statement[2] with regard to the 2008 retroactive amended crack cocaine guidelines[3]. Defendant's counsel noted that the reduction did not, "impact sentences imposed in cases where the relevant conduct amount is at least 4.5 kilograms of crack cocaine." (Doc. 138, p. 2). Defendant now moves again for reduction in his sentence under Amendment 782.

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 were retroactive and became retroactively effective on November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

---

[2] "No-merits" statement was adopted by the Supreme Court in *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] U.S. Sentencing Guidelines Manual § 1B1.10 (2008).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, it did not do so with regard to the relevant conduct amount in this matter.

The Court notes that the defendant argues that he should not be held accountable for the conduct amount of cocaine base since, "the evidence reveals that the defendant was a low-level drug dealer who was discovered distributing roughly 100 grams of crack—cocaine base per trip." He also puts forth an argument with regard to mandatory minimum sentences pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  However, these arguments are irrelevant with regard to whether Amendment 782 lowered the base offense level that is applicable to his conviction.

The defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).  Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** defendant Robert R. Banks' *pro se* motion (Doc. 148) for a reduction of his criminal sentence.  The Court **DIRECTS** the Clerk of Court to send a copy of this order to the defendant.

**IT IS SO ORDERED.**

**DATED:**   7/27/2016

                 *s/J. Phil Gilbert*
                 **J. PHIL GILBERT**
                 **U.S. DISTRICT JUDGE**