==================================================================

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENTON DIVISION

**FILED**

**SEP 16 2019**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

==================================================================

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ‖ | |
| | ‖ | |
| Plaintiff | ‖ | CASE NO. 03-CR-40019-001-JPG |
| | ‖ | |
| VS. | ‖ | |
| | ‖ | HONORABLE JUDGE J. PHIL GILBERT |
| ROBERT ROSS BANKS | ‖ | UNITED STATES DISTRICT JUDGE |
| | ‖ | |
| Defendant | ‖ | |

==================================================================

MOTION FOR RE-SENTENCING AND IMPOSITION OF
A REDUCED SENTENCE PURSUANT TO SECTION 404
OF THE FIRST STEP ACT

==================================================================
==================================================================

COMES NOW, Robert R. Banks, Defendant, as a Pro Se litigant and respectfully moves this Honorable Court to make a determination that he is eligible for resentencing, and set a plenary sentencing hearing in the near future where this Court can conduct a "complete review" of the merits as required by the **First Step Act**.

1

## JURISDICTION

The full text of § 404 of the First Step Act provides:

### SEC. 404. APPLICATION OF FAIR SENTENCING ACT.

**(a) DEFINITION OF COVERED OFFENSE.** In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

**(b) DEFENDANTS PREVIOUSLY SENTENCED.** A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

**(c) LIMITATIONS.** No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

As outlined above, the **First Step Act** applies to any defendant where the "statutory penalties" have changed, **§ 404(a), affecting the defendant's sentence.**

## FACTS AND RELEVANT PROCEDURAL HISTORY

On March 4, 2003, a federal grand jury sitting in Benton, Il, returned **a ONE-COUNT indictment** charging Defendant with conspiracy to distribute **cocaine,** and **cocaine base-"crack cocaine,"** and **marihuana,** in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On June 8, 2004, **a six-count superseding indictment** was returned,

2

charging conspiracy to distribute 5 **or more grams of a mixture and substance containing cocaine base-"crack cocaine,"** in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 **(Count 1)**; conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 **(Count 2)**; conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 846 **(Count 3)**; distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D) **(Count 4)**; and two counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) **(Counts 5 and 6)**.

On November 2, 2004, **a six-count second superseding indictment** was returned.  The second superseding indictment increased the amount of the **crack cocaine conspiracy to 50 grams or more** and "specified" the amount of the marijuana conspiracy to be 50 kilograms or more.

Thereafter, on November 6, 2004, the Government, represented by Assistant United States Attorney Amanda Robertson ("Robertson"), filed an Information Pursuant to 21 U.S.C. § 851 to Establish Prior Conviction ("Information").

On November 8, 2004, the day of jury selection, the Defendant entered a [change of plea], and pled guilty to conspiracy to distribute cocaine **(Count 2)**; distribution of marijuana **(Count 4)**; and distribution of cocaine **(Counts 5 and 6)**.  **There was NO CONDITIONAL PLEA to conspiracy to distribute 50 grams or more of crack cocaine (Count 1)**; or conspiracy to distribute 50 kilograms or more of marijuana **(Count 3)**.  There is **NO PLEA AGREEMENT** in this case. **(See Exhibit A, Sentencing Hearing Transcript, p. 179, lines 24-25; and p. 180, lines 1-20, enclosed)**.

On July 27, 2005, this Court sentenced Defendant to [the statutory maximum] 360 months' imprisonment using 21 U.S.C. § 851, to enhance the statutory maximum of 21 U.S.C. § 841(b)(1)(C), from 20 years to 30 years.

3

## DEFENDANT'S REPLY TO FEDERAL PUBLIC DEFENDER'S
## DETERMINATION OF DEFENDANT'S INELIGIBILITY FOR RELIEF

On or about February 14, 2019, the Federal Public Defender's Office, Southern District of Illinois, sent a letter to Defendant, informing him that their office has been authorized to review cases to determine if a defendant is eligible for relief pursuant to the First Step Act of 2018. It was the Public Defender's determination that the Defendant was not eligible, because the retroactive part of this new law only applies to **crack cocaine cases (See Exhibit B, enclosed).**

On or about April 12, 2019, the Public Defender's Office sent a second letter to the Defendant, reiterating that, "the retroactive part of the First Step Act of 2018 only applies to **crack cocaine counts of conviction."** In regards to any MOTION the Defendant would file, Assistant Federal Defender Judith A. Kuenneke further stated: "The Court will review your MOTION and enter an Order direct-ing our office to enter if necessary. I will file a Motion setting out my reasoning and you will be able to file a response telling the Court I am wrong. The Court will ultimately decide if the First Step Act applies in your case." **(See Exhibit C, enclosed).**

On or about May 27, 2019, the Assistant Federal Defender Judith A. Kuenneke sent a third letter to the Defendant explaining: "Only **Count 1** was a **crack cocaine count** and this was **dismissed....** I understand that **crack cocaine** amounts were counted in the relevant conduct determination. However, because you did not plead to **a count of conviction for crack cocaine,** the First Step Act does not apply in your case." **(See Exhibit D, enclosed).**

In reference to **Count 1- the crack cocaine count** -being **dismissed:** On July 27, 2005, the day of sentencing, **Count 1 had NOT BEEN DIS-MISSED,** and the **crack cocaine** from that count, was used in the sen-tencing calculation to determine the Defendant's **base level offense of 38.** In fact, **Counts 1 and 3 were not dismissed** until nearly 2 years later, on May 17, 2007. **(See Exhibit E, Amended Judgment, enclosed).**

4

In reference to relevant conduct, the Judge stated at sentencing: "So the Court's going to adopt the Presentence Investigation Report as the findings of this Court **with the exception of the relevant conduct,** and the Court's going to find that there was **a base level offense of 38."** (See Exhibit A, Sentencing Hearing Transcript, p. **171, lines 12-15, enclosed).** The base level offense of 38 was established by the **"...more than 1.5 kilograms of cocaine base in the form of crack cocaine that establishes a base level offense of 38." (See Exhibit A, Sentencing Hearing Transcript, p. 170, lines 24-25; and p. 171, line 1, enclosed).**

Although not specified in the indictment, the Presentence Investigation Report identifies **"specific" drug amounts** for **Counts 4, 5 and 6.** 2 pounds or 869.9 grams of marihuana **(Count 4);** 6.9 grams of powder cocaine **(Count 5);** and 27.9 grams of powder cocaine **(Count 6). (See Exhibit F, Presentence Investigation Report, p.6, paragraphs 20, 23 and 24, enclosed).**

With **relevant conduct excluded;** Counts 1 and 3 **dismissed;** and Counts 4, 5 and 6 having **specific drug amounts; Count 2** is the only count in which the **crack cocaine** can be applied. The Defendant did plead to **Count 2,** conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, which makes **Count 2** a **"covered offense"** under **§ 404(a) of the First Step Act,** because of the **crack cocaine** he was **sentenced for, under that charge.**

However, even if, in some form or fashion, the **crack cocaine** is still considered to be relevant conduct; the Defendant was sentenced at the **100-1 ratio,** and asks this Court to re-sentence him at the **18-1 ratio,** as required by law.

### SECTION 404 CREATES A NEW, FREESTANDING STATUTORY REMEDY FOR COURTS TO IMPOSE A REDUCED SENTENCE.

The plain text of § 404 establishes a freestanding remedy for defendants who are eligible for relief under its terms. The plain

text refers to a "motion made under this section," and refers to no extraneous statute.  Courts are not free to add words to a statute that Congress did not include in the statute it enacted. See U.S. Const. art. I, § 1 (assigning "[a]ll legislative Powers" to Congress). The purpose of § 404 is to allow courts to impose reduced sentences for defendants sentenced when the pre-Fair Sentencing Act statutory penalties were in effect.  Congress did not subject § 404 motions to procedures under other statutes that serve different purposes. Instead, Congress deliberately enacted a freestanding remedy.


### SECTION 404 AUTHORIZES COURTS TO CONDUCT A RESENTENCING HEARING AT WHICH THE DEFENDANT IS PRESENT, ABSENT WAIVER.

The plain text of § 404 gives the court authority to conduct a resentencing hearing in the defendant's presence.  First, § 404 gives the court discretion to impose a reduced sentence of any length consistent with sections 2 and 3 of the Fair Sentencing Act, without limitation on what the court may consider. See § 404(b).  And it gives the court discretion to deny a motion even though the defendant is eligible for imposition of a reduced sentence so long as the court denies the motion "after a complete review... on the merits." See § 404(c).  A complete review on the merits requires an opportunity for the defendant to be present and to allocute.  Without a full hearing, this Court simply cannot conduct "a complete review... on the merits" as required under § 404(c).


### THE COURT MUST APPLY CURRENT LAW WHEN MAKING ITS SENTENCING DETERMINATION.

Absent an ex post facto violation, a court must apply the current guidelines at resentencing, see United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016), must apply other law as it stands at the time of resentencing, see Krieger v. United States, 842 F.3d 490, 505-06 (7th Cir. 2016) (Burrage applies on resentencing); Ferrara v. United States, 372 F. Supp. 2d 108, 113 (D. Mass. 2005) (Booker applies upon resentencing after vacatur of mandatory guideline sen-

6

tence on non-Booker grounds), and must resentence a defendant in
light of factual circumstances as they stand at resentencing. See
United States v. Tichio, 1999 WL 47325, at *3 (S.D. N.Y. Feb. 1,
1999) (collecting cases).  When a court resentences a defendant, the
the court makes a new sentencing determination on a "clean slate."
United States v. Barnes, 948 F.2d 325, 329 (7th Cir. 1991); United
States v. Atkinson, 979 F.2d 1219, 1223 (7th Cir. 1992).  The court
cannot ignore decisions from the U.S. Supreme Court including Alleyne
(2013), Booker (2005), Apprendi (2000), and Johnson (2015), as well
as similar Ninth Circuit opinions.


CONCLUSION

The 2010 Fair Sentencing Act was intended to correct the terrible
problems with the crack cocaine sentencing scheme.  In 2014, the
Sentencing Commission enacted a retroactive amendment reducing the
base offense level of all drug offenses by two levels. This too,
was intended to correct past unjust sentences.  The Defendant has
not been eligible for any of these remedial measures.  Finally,
Congress has passed legislation that affects the "statutory penalties"
for the Defendant's offenses and gives this Court the discretion to
remedy a sentence that would not be imposed today.

The Defendant, Robert R. Banks, is now 67 years old. He was sen-
tenced more than 16 years ago, under a sentencing scheme that we
now recognize was too harsh.  He has developed and maintained a
healthy and constructive relationship and rapport with his fellow
inmates, correctional officers, counselors, case managers and staff,
continuously and throughout his entire imprisonment.  This is evi-
denced by his not having received a single incident report or dis-
ciplinary citation during this entire period.

Congress, pursuant to § 404 of the First Step Act, has now granted
the Court broad discretion to order re-sentencing and to reduce
sentences imposed under the excessively harsh penalty structure
which existed at the time of the Defendant's sentencing.  At the

7

very least, the drug disparity in the Defendant's sentence should be corrected from the 100-1 ratio, to the 18-1 ratio, as required by law.  The Defendant is deserving of such a reduction, and he respectfully asks that this Court schedule a re-sentencing hearing at the next reasonably available date and reduce his cocaine-base sentence.

DATED this 12th day of September, 2019

Respectfully submitted,

*Robert Banks*

ROBERT R. BANKS    PRO SE

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy
of this foregoing instrument upon the Clerk of this Court, via U.S.
MAIL, properly addressed, first-class postage prepaid affixed there-
to, by placing into the internal mailing system as made available
to inmates for legal mail, at the Federal Correctional Institution
in Oakdale, Louisiana.  The undersigned further requests that a
copy of this [his] MOTION be forwarded to all interested parties
via the CM/ECF SYSTEM, as he is detained, indigent, and has no
other means.

DATED this 12th day of September, 2019

Respectfully submitted,

*Robert Banks*

ROBERT R. BANKS          PRO SE
REG. NO. 05834-025
FEDERAL CORRECTIONAL INSTITUTION
OAKDALE    E-1
P.O. BOX 5000
OAKDALE, LA 71463-5000

9



EXHIBIT

A

<u>**EXHIBIT  A**</u>

1              IN THE UNITED STATES DISTRICT COURT

2           FOR THE SOUTHERN DISTRICT OF ILLINOIS

3
UNITED STATES OF AMERICA,  )
4                              )
              Plaintiff,    )
5                              )
vs.                            )   No. 03-CR-40019
6                              )
ROBERT R. BANKS,               )
7                              )
              Defendant.     )
8

9                    REPORT OF PROCEEDINGS

10                    <u>Sentencing Hearing</u>

11

12           BE IT REMEMBERED AND CERTIFIED that heretofore on

13  July 27, 2005, the same being one of the regular judicial

14  days in and for the United States District Court for the

15  Southern District of Illinois, Honorable J. Phil Gilbert

16  presiding, the following proceedings were had in open court

17  in Benton, Illinois, to-wit:

18

19                         APPEARANCES

20  Ms. Amanda Robertson
    Asst. U.S. Attorney                    For the Plaintiff
21
    Mr. Alok Kale
22  Appointed Counsel                      For the Defendant

23
                    JANE McCORKLE
24              Official Court Reporter
                U.S. District Court
25              301 W. Main Street
                Benton, Illinois 62812

FILED

OCT 19 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

1    1.5 kilograms.  And that's just on her testimony.

2              Then you take the testimony of Tresa Caudle who

3    testified that she cleaned at the defendant's house 10

4    months, and she began seeing large amounts of drugs and made

5    trips to Chicago with the defendant.  Even helped carry the

6    money.  They made two trips a week for nine months, which is

7    28 weeks at 56 trips, and even if some of the trips were to

8    see his children, even giving the defendant the benefit of

9    the doubt, which is kind of contrary a little bit to what

10   Ms. Caudle testified about, half the trips are considered for

11   relevant conduct, 28 trips.

12             And even not considering the powder cocaine, just

13   considering the three ounces of crack cocaine per trip, and

14   just listing the crack cocaine, and she said three to four

15   ounces, we're talking 2.3 kilogram of cocaine based just on

16   Tresa Caudle's testimony.  And that's not overlapping.

17   That's not double counting anything with Kim Busing.

18             You know, then you have, you know, agent Walker's

19   testimony regarding the marijuana, even not considering the

20   marijuana, and Zelman Johnson's testimony about coming back

21   into powder and converting it.  No matter how many ways you

22   try to slice this pie, you're looking at testimony, credible

23   testimony that this Court has received in which there's been

24   more than 30,000 kilograms of marijuana equivalent and more

25   than 1.5 kilograms of cocaine base in the form of crack

1    cocaine that establishes a base level offense of 38.

2          Now, the defense counsel makes an argument that

3    during the searches, they didn't find large amounts of drugs

4    in the defendant's residence.  What this tells this Court is

5    this defendant was a hell of a good businessman.  It might

6    have been an illegal business, but you don't make money by

7    keeping inventory.  You make money by moving inventory.  And

8    this defendant obviously was an expert at moving inventory.

9    And he wouldn't keep it long.  So that's why there wasn't any

10   big amounts of drugs found in his residence during these

11   searches.

12         So the Court's going to adopt the Presentence

13   Investigation Report as the findings of this Court with the

14   exception of the relevant conduct, and the Court's going to

15   find that there was a base level offense of 38.  Will be

16   overruling, on paragraph 39, overruling the defendant's

17   objection, and granting the government's objection, a

18   two-point enhancement under the weapon, another two-point

19   enhancement under the adjustment for role in the offense,

20   rendering an adjusted level of 42.  Three points off for

21   acceptance of responsibility, rendering a total Offense Level

22   of 39, Criminal History Category of III, an imprisonment

23   range on Counts 2, 5, and 6 of 324 to 360 months, 405 under

24   the guidelines, but because of the effective range of 360

25   months, and Count 4, it's 120 months.

1   for you.  If you cannot afford a transcript of the record,

2   one will be prepared for you at the government's expense.

3   And if you so request, the clerk of court will notice an

4   appeal for you at this time.  Do you understand you have

5   those rights?

6             THE DEFENDANT:  Yes, Your Honor.  I would like

7   to -- may I make -- I would like to ask my attorney to handle

8   an appeal for me.

9             THE COURT:  The clerk will make a note that you

10  wish to appeal.  And, Mr. Kale, why don't you follow it up

11  with a written notice of appeal within ten days after entry

12  of judgment.

13            MR. KALE:  Yes.

14            THE DEFENDANT:  And because of my disability, I

15  would like to be sent back to the Federal Medical Center,

16  Lexington, where I had my surgery done if it's --

17            THE COURT:  I imagine BOP will probably send you

18  back there, but Probation will let the Bureau of Prisons know

19  that's where you wish to be transferred back to.  Anything

20  else?

21            MR. KALE:  Nothing else.

22            THE COURT:  Anything else?

23            MS. ROBERTSON:  Nothing else.

24            THE COURT:  Yes, there is.  We have Counts 1 and 3

25  that need to be dismissed.  Is there a motion?

1        MS. ROBERTSON:  Your Honor, that dismissal was not

2   pursuant to the -- there was no agreement in this case.  I

3   have to speak to the powers that be.  This defendant just

4   came in on the day of the selection of the jury and chose to

5   plead to those counts.  There was no agreement regarding the

6   other counts.

7        THE COURT:  Okay.  So this case isn't over with.

8   It will not close until those --

9        MS. ROBERTSON:  That's right.  I will check

10  tomorrow, but I have no authority to do anything, and that

11  wasn't part of the plea.

12       THE COURT:  I wish I had known that before now

13  because if it wasn't, if you're not going to dismiss them,

14  we've got to do a trial on those two counts.

15       MS. ROBERTSON:  And, again, Your Honor, my guess is

16  that we will be tendering a motion to dismiss.

17       THE COURT:  I hope it's a good educated guess.

18       MS. ROBERTSON:  Because the sentence will be the

19  same.

20       THE COURT:  Right.

21       MS. ROBERTSON:  But you understand the makeup of my

22  office.  It's not my decision.

23       THE COURT:  I thought you were the boss.

24       MS. ROBERTSON:  Not yet.

25       THE COURT:  I'm going to be gone.  I can't sign

180

EXHIBIT

B

**EXHIBIT   B**

# FEDERAL PUBLIC DEFENDER
### SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN R. WELBY**
· FEDERAL PUBLIC DEFENDER ·

TELEPHONE
(618) 435-2552
FAX: (618) 435-2447

401 WEST MAIN STREET
BENTON, ILLINOIS 62812

February 14, 2019

Mr. Robert R. Banks
Reg. No. 05834-025
FCI Oakdale I
P. O. Box 5000
Oakdale, LA 71463

      Re:    United States v. Robert R. Banks
              Case No. 03-cr-40019-JPG

Dear Mr. Banks:

Our office has been authorized to review cases to determine if a defendant is eligible for relief pursuant to First Step Act of 2018. Unfortunately, the retroactive part of this new law only applies to crack cocaine cases. There are no changes to cases involving cocaine or marihauna, so your original sentence cannot be reduced under the retroactive portion of the Act.

However, the First Step Act of 2018 does offer several new programs that could result in additional time off your sentence. Successful completion of these new programs could earn you up to 10 or 15 days off your sentence for every 30 days of programming you complete, or additional halfway house time. Additionally, you can now earn up to 54 days of good time credit a year instead of the standard 47 days previously allowed by BOP. These are just a few of the new changes required by the First Step Act. Your Unit Manager or Counselor should be able to provide you with additional information.

Mr. Robert R. Banks
February 14, 2019
Page Two

I am sorry that I cannot assist you further in this matter, but I hope this information is

helpful.

Sincerely,

JUDITH A. KUENNEKE
Assistant Federal Defender

# EXHIBIT

# C

**EXHIBIT   C**

# FEDERAL PUBLIC DEFENDER
### SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN R. WELBY**
FEDERAL PUBLIC DEFENDER

401 WEST MAIN STREET
BENTON, ILLINOIS 62812

TELEPHONE
(618) 435-2552
FAX: (618) 435-2447

April 12, 2019

Mr. Robert R. Banks
Reg. No. 05834-025
FCI Oakdale I
P. O. Box 5000
Oakdale, LA 71463

      Re:    United States v. Robert R. Banks
              Case No. 03-cr-40019-JPG

Dear Mr. Banks:

      I have received your letters and I understand your frustration.  However, the retroactive part of the First Step Act of 2018 only applies to crack cocaine counts of conviction.  There are no changes to cases involving cocaine or marihuana, so your original sentence cannot be reduced under the retroactive portion of the Act.

      Your Pro Se Motion is on file with the Court.  The Court will review your motion and enter an Order directing our office to enter if necessary.  I will file a motion setting out my reasoning and you will be able to file a response telling the Court I am wrong.  The Court will ultimately decide if the First Step Act applies in your case.

      I am sorry I do not have better news for you, but I hope this information is helpful.

               Sincerely,

               JUDITH A. KUENNEKE
               Assistant Federal Defender

# EXHIBIT

# D

**EXHIBIT   D**

# FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN R. WELBY**
FEDERAL PUBLIC DEFENDER

401 WEST MAIN STREET
BENTON, ILLINOIS 62812

TELEPHONE
(618) 435-2552
FAX: (618) 435-2447

May 27, 2019

Mr. Robert R. Banks
Reg. No. 05834-025
FCI Oakdale I
P. O. Box 5000
Oakdale, LA 71463

Re:   United States v. Robert R. Banks
      Case No. 03-cr-40019-JPG

Dear Mr. Banks:

I am sorry that you did not understand the explanation in my previous letter. I will try to make your issue clearer. The retroactive part of the First Step Act of 2018 only applies to **crack cocaine counts of conviction.** Only Count I was a crack cocaine count and this was dismissed. (I am enclosing a copy of the Second Superseding Indictment and the Amended Judgement).

You pleaded guilty to Counts 2 (conspiracy to distribute cocaine), 3 (conspiracy to distribute marihuana), 4 (distribution of marihuana) and 5 (distribution of cocaine). (I am enclosing a copy of the minutes of your plea hearing). I understand that crack cocaine amounts were counted in the relevant conduct determination. However, because you did not plead to **a count of conviction for crack cocaine,** the First Step Act does not apply in your case.

I hope this information helps you in your understanding of the First Step Act. I rechecked the docket sheet in your case. The Court has not entered an order for our office to appear on your behalf, so I cannot file any motion in this matter. You may file a motion *pro se* with the Court if you choose to do so.

Sincerely,

JUDITH A. KUENNEKE
Assistant Federal Defender

encl:

# EXHIBIT

# E

AO 245C (Rev.06/05) Amended Judgment in a Criminal Case
Sheet 1

Case 4:03-cr-40019-JPG   Document 129   Filed 05/17/07   Page 1 of 11 Page ID #618 (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

**SOUTHERN** _____ District of _____ **ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>ROBERT R. BANKS | **AMENDED JUDGMENT IN A CRIMINAL CASE** |

**Date of Original Judgment:** 7/27/2005
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- [ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

Case Number:  4:03CR40019-001-JPG
USM Number: 05834-025
Melissa Day, FPD
Defendant's Attorney

- [x] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant [ ] 28 U.S.C. § 2255 or [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- [x] pleaded guilty to count(s)   2,4,5 & 6 of the 2nd Superseding Indictment
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

**FILED**

**MAY 17 2007**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to Distribute Cocaine | 2/20/2003 | 2ss |
| 21 U.S.C. 841(a)(1) | Distribution of Marihuana | 2/1/2001 | 4ss |
| 21 U.S.C. 841(a)(1) | Distribution of Marihuana | 2/1/2003 | 5ss |

The defendant is sentenced as provided in pages 2 through  __11__  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [x] Count(s)  1ss and 3ss   [ ] is  [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/11/2007
Date of Imposition of Judgment

_signature_
Signature of Judge

J. Phil Gilbert                                    District Judge
Name of Judge                                    Title of Judge

_May 17, 2007_
Date

# EXHIBIT

# F

**EXHIBIT   F**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | PRESENTENCE INVESTIGATION REPORT |
| VS. | ) | |
| | ) | Docket No. 0754 4:03CR40019-001 (JPG) |
| ROBERT R. BANKS | ) | |

---

Prepared For:  Honorable J. Phil Gilbert
U.S. District Judge

Prepared By:  Caleb Rath
U.S. Probation Officer
Benton, Illinois
(618) 439-4828

Assistant U.S. Attorney                              Defense Counsel
Amanda A. Robertson                              Alok A. Kale
402 West Main, Suite 2A                          1221 Locust Street, Suite 504
Benton, Illinois  62812                             St. Louis, Missouri 63103
(618) 439-3808                                       (314) 621-1765

Sentence Date:  February 10, 2005

Second Superseding Indictment

Offense:  Count 2:  Conspiracy to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), 846, and 851, 10 to 30 years/$2,000,000 (Class B felony)

Count 4:  Distribution of Marihuana
21 U.S.C. §§ 841(a)(1) and 851, NMT 10 years/$500,000 (Class C felony)

Count 5:  Distribution of Cocaine
21 U.S.C. §§ 841(a)(1) and 851, NMT 30 years/$2,000,000 (Class B felony)

Count 6:  Distribution of Cocaine
21 U.S.C. §§ 841(a)(1) and 851, NMT 30 years/$2,000,000 (Class B felony)

Release Status:  Detained since arrest on February 22, 2003

Detainers:  None

Codefendants:  None

Date Report Disclosed: January 7, 2005                          Date Report Revised: May 5, 2005

Banks is very paranoid and has several guns strategically placed throughout the house at 1200 West Carter in case he ever needed to use one.  Kelley also stated Banks has told her he gets his drugs from the Mexicans in Chicago, Illinois.

18.   On February 1, 2000, A CS met with Robert Banks at his residence at 1200 West Carter Street in Carbondale, Illinois.  The CS told case agents that he/she saw some powder cocaine (approximately one-eighth ounce) on a plate in the front room and approximately five, $20 quantity rocks of crack cocaine in the bathroom.

19.   A CS provided a statement on February 1, 2001.  The CS stated that he/she had purchased approximately two pounds of marihuana from Banks once a week for the prior three years (2 pounds x 52 weeks = 104 pounds x 3 years = 312 pounds or 141.8 kilograms of marihuana).

20.   On February 1, 2001, a CS purchased approximately 2 pounds or 869.9 grams of marihuana from the defendant at his residence located at 1200 West Carter Street in Carbondale, Illinois using $200 in OAF as partial payment (Count 4).  After the controlled buy, agents executed a search warrant at his residence.  The defendant attempted to flee the residence as agents approached to serve the warrant.  Case agents seized approximately 358.2 grams of marihuana, approximately 1.4 grams of crack cocaine, a small amount of LSD, drug scales, paraphernalia, and $6,660 in USC (case number 01-CF-53). $190 of the $6,660 was identified as OAF.  Banks signed a permission to search his residence located at 151 Pyramid Lane in rural Marion, Illinois, and $707 USC was recovered during the search.

21.   Donnett Turnquist provided a statement on February 21, 2001.  Turnquist reported that Robert Banks rented a home from her in Carbondale, Illinois.  In 1998, Banks had a girlfriend named Tressa Caudle who sold crack cocaine for Banks.  Tressa always had two ounces of crack cocaine on her at all times.  Turnquist advised that Tressa sold crack cocaine for Robert Banks on a daily basis until she was arrested.  In July of 2000, she began purchasing crack cocaine from Robert Banks at his residence at 1200 West Carter Street in Carbondale.  Turnquist would purchase one-eighth ounce quantities every week from the period beginning in July of 2000 and ending in August of 2000.  Turnquist remembered seeing ten ounce quantities of crack cocaine cooking on the stove on three occasions (850.5 grams of crack cocaine).  Turnquist also saw a .9 millimeter handgun at Banks' residence.

22.   On July 21, 2001, the defendant called the Carbondale Police Department and reported that his residence had been broken into.  According to the defendant, the only thing taken during the burglary was his nephew's Smith & Wesson handgun and ammunition.

23.   On February 17, 2003, a CS purchased approximately 6.9 grams of powder cocaine from Robert Banks using $500 OAF (Count 5).  The transaction occurred at the Executive Inn located in Marion, Illinois.  The transaction was recorded, pursuant to federally-authorized overhear.

24.   On February 22, 2003, the defendant sold approximately 27.9 grams of powder cocaine to a CS working for law enforcement (Count 6).  During the controlled buy the CS paid the defendant $1,500 in OAF.  The controlled buy occurred in the Carterville, Illinois at the residence of Paula

ROBERT BANKS
REG. NO. 05834-025
FEDERAL CORRECTIONAL INSTITUTION
OAKDALE   E-1
P.O. BOX 5000
OAKDALE, LA 71463-5000



SHREVEPORT LA. 711
FRI 13 SEP 2019   PM



MAIL CLEARED
US MARSHALS

CLERK OF COURT
SOUTHERN DISTRICT OF ILLINOIS
UNITED STATES COURTHOUSE
301 W. MAIN STREET
1st FLOOR
BENTON, IL. 62812

⇔05834-025⇔
District Clerk
301 W MAIN ST
Benton, IL 62812
United States

RECEIVED

SEP 16 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE