UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 03-cr-40019-JPG |
| ROBERT R. BANKS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 168). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B).

The defendant pled guilty to one count of conspiracy to distribute cocaine (Count 2), one count of distribution of marijuana (Count 4), and two counts of distribution of cocaine (Counts 5 and 6), all of which were committed before 2010 (Doc. 70). Because of an information under 21 U.S.C. § 851 alleging one prior felony drug conviction (Doc. 68), the statutory sentencing range for Counts 2, 5, and 6 as charged was no more than 30 years and for Count 4 as charged was no more than 10 years. 21 U.S.C. § 841(b)(1)(C) & (D). Because the defendant's relevant conduct was at least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalent, and because he was sentenced before *Alleyne v. United States*, 570 U.S. 99 (2013)[1], the Court

---

[1] *Alleyne* held that, for relevant conduct to raise the statutory minimum sentence, it must be

found he was subject to a statutory minimum of 20 years on Count 2. 21 U.S.C. § 841(b)(1)(A)(vii). The Court imposed a sentence of 360 months in prison on Counts 2, 5, and 6, and a sentence of 120 months in prison on Count 4.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's

---

admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 108; *United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015). *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that factors increasing a statutory minimum could be found by the court by a preponderance of the evidence. *Alleyne*, 570 U.S. at 116.

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

The Court turns to the specifics of the defendant's case. The defendant's convictions are not the type of convictions covered by § 404 of the First Step Act, so he is not eligible for a sentence reduction. While he committed the federal offenses before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crimes. On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of any crack cocaine offense. To the extent his relevant conduct included crack cocaine and caused his statutory maximum on Count 2 to increase to 20 years pre-*Alleyne*, that statutory minimum was independently justified by the 6.6 kilograms of powder cocaine included in his relevant conduct. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). In other words, his statutory range would have been the same both before and after the Fair Sentencing Act due to his powder cocaine relevant conduct. Consequently, the Fair Sentencing Act did not modify the applicable statutory penalties as contemplated by § 404(a) of the First Step Act. For

3

this reason, the First Step Act does not authorize a reduction in the defendant's sentence.

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 168).

**IT IS SO ORDERED.**
**DATED:	September 19, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
