IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT R. BANKS,<br>Defendant. | Case No. 03–CR–40019–JPG |

## **MEMORANDUM & ORDER**

This is a closed criminal case. Defendant Robert R. Banks moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court did not order the Government to respond. For the reasons below, the Court **DENIES** Banks's Motion.

### I.     PROCEDURAL & FACTUAL HISTORY

In 2007, the Court sentenced Banks to a term of 360-months' imprisonment for distributing marijuana and conspiring to distribute cocaine. He is currently incarcerated at Federal Correctional Institution ("FCI") Oakdale in Louisiana.

In 2020, the COVID-19 pandemic began spreading across the United States. The Attorney General then "directed the Bureau of Prisons to prioritize the use of home confinement as a tool for combatting the dangers that COVID-19 poses to our vulnerable inmates . . . ." Memorandum from the Attorney Gen. to the Director of the Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

Banks wrote the warden of FCI Oakdale in March requesting that the Bureau of Prisons move for compassionate release on his behalf under 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons approved Banks for home confinement in April. Later that month, however, the Bureau of Prisons changed course and denied Banks home confinement. Banks wrote to the warden again in

May. Ten days later, he moved for compassionate release in this Court. Although he does not say whether the warden responded to his second letter or whether he appealed the Bureau of Prison's previous decision, Banks asks the Court to "excuse compliance with the normal exhaustion rule in light of the documented and serious national emergency."

## II.   LAW & ANALYSIS

Banks did not appeal the Bureau of Prison's decision not to move for compassionate release on his behalf. Nor did he wait 30 days for the warden to respond to his second request. He therefore failed to fully exhaust all administrative remedies, and the Court must deny his Motion for Compassionate Release.

### A. Legal Standard

A defendant may seek modification of a term of imprisonment by moving for relief under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) states as follows:

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;

*Id.*

### B. Banks Failed to Fully Exhaust All Administrative Remedies

Defendants must fully exhaust all administrative remedies before moving for compassionate release in federal court. *Id.* This requires them to ask the Bureau of Prisons to move for compassionate release on their behalf. *See id.* If the request and subsequent appeal are denied, or if the warden does not respond within 30 days, then defendants can move for compassionate release on their own. *Id.*

Banks seemingly concedes not having fully exhausted all administrative remedies—he does not assert that he appealed the Bureau of Prison's refusal to move for compassionate release on his behalf, and he did not wait 30 days for the warden to respond to his second request before moving for compassionate release here. Instead, he argues that the Court can waive the exhaustion requirement during times of "documental and serious national emergency." For support, he cites the District of Connecticut's decision in *United States v. Colvin*, which found that there are three exceptions to § 3582(c)(1)(A)'s exhaustion requirement during the COVID-19 pandemic:

> "First, exhaustion may be unnecessary where it would be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." . . . Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting relief," including situations where "the relief the agency might provide could, because of undue delay, become inadequate." Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice."

——F. Supp. 3d——, 2020 WL 1613943, at *2 (D. Conn. Apr. 8, 2020) (quoting *Washington v. Barr*, 925 F.3d 109, 118–20 (2d Cir. 2019)). The Court disagrees.

In *Washington*, the Second Circuit considered the Controlled Substance Act, a statute that "does not mandate exhaustion of administrative remedies . . . ." 925 F.3d at 116. In finding that the implied exhaustion requirement is waivable at times, the Second Circuit relied on the Supreme

Court's decision in *McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992). In *McCarthy*, the Court held that the exhaustion requirement in *Bivens* actions is waivable when (1) forcing exhaustion would lead to irreparable injury, (2) the administrative agency cannot grant effective relief, or (3) the administrative agency is "biased or has otherwise predetermined the issue before it." *Id.* Crucial to the Court's decision, however, was the fact that Congress did not specifically mandate exhaustion in *Bivens* actions. *Id.* at 149. *Bivens* actions are, after all, "a creation of the judiciary." *Id.* at 144. And "where Congress has not clearly required exhaustion, sound judicial discretion governs." *Id.* "Because Congress has not *required* exhaustion of a federal prisoner's *Bivens* claim," the *McCarthy* Court could exercise its discretion and weigh the individual's interest "in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146, 152 (emphasis in original).

Unlike the judge-made exhaustion requirements at issue in *Washington* and *McCarthy*, Congress explicitly required defendants to "fully exhaust[] all administrative rights to appeal" before pursuing compassionate release. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Raia*, 945 F.3d 594, 597 (3d Cir. 2020) (finding that, within the context of COVID-19, the failure to exhaust "presents a glaring roadblock foreclosing compassionate release"). As the *McCarthy* Court recognized, Congressional intent is "[o]f 'paramount importance' to any exhaustion requirement . . . . Where Congress specifically mandates, exhaustion is required." 503 U.S. at 144 (internal citations omitted). And because § 3582(c)(1)(A)'s express exhaustion requirement is unambiguous, there is no room for judicial meddling. Th Court therefore must deny Banks's Motion for Compassionate Release because he failed to fully exhaust all administrative remedies.

— 5 —

### III.    CONCLUSION

The Court **DENIES** Defendant Robert R. Banks's Motion for Compassionate Release.

**IT IS SO ORDERED.**

**Dated: Wednesday, June 10, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
