IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v().

ROBERT R. BANKS,
Defendant.

Case No. 03–CR–40019–JPG

## MEMORANDUM AND ORDER

Before the Court is Defendant Robert Banks's Motion for Compassionate Release. (ECF No. 172). Banks has been serving a 360-month sentence since 2005 for conspiracy to distribute cocaine and marijuana. (*See* Am. J. at 1–3, Doc. 129). He is incarcerated at the U.S. Penitentiary in Pollock, Louisiana ("USP Pollock"). *Inmate Locator*, Bureau of Prisons ("BOP") (last visited July 14, 2022).[1]

On July 14, 2022, Banks moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Doc. 174). He contends that he is eligible compassionate release based on "Non-Medical Circumstances – Elderly Offender."[2] Banks has served nineteen years of his thirty-year sentence. He was 50 years old when he committed the offense. He is therefore eligible for consideration under the non-medical circumstances-elderly offender compassionate release.

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and

---

[1] *Available at* https://www.bop.gov/inmateloc/.
[2] Certain federal prisoners who have reached the age of 65 may be eligible for compassionate release. The BOP will consider those who have served the greater of 10 years or 75 percent of their term of imprisonment for possible release. Ordinarily, an elderly person will not be eligible if they were sentenced for a crime of violence at age 60 or above.

1

compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). The burden of proof rests on the defendant, and the Court has "broad discretion." *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

A defendant may seek modification of a term of imprisonment by moving for relief under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) states as follows:

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;

Banks submitted a request for compassionate release to the BOP. He received a denial of his request on March 10, 2022. Therefore, Banks has exhausted his administrative remedies.

"Extraordinary" is defined as "going beyond what is usual, regular, or customary; or exception to a very marked extent," Merriam-Webster Dictionary (2019), available at https://www.merriam-webster.com/dictionary/extraordinary; and "compelling" is defined as "forceful; demanding attention; convincing," *ibid.*, available at https://www.merriam webster.com/dictionary/compelling. A sense of how those definitions apply in context can be found in the Senate Report that accompanied the Sentencing Reform Act, where Congress

indicated that sentence modifications would be appropriate in "cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment." S. Rep. No. 98-225, at 55-56 (1984) (emphasis added). Congress never defined what constitutes "extraordinary and compelling" other than that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The Court does not find that Banks' age and statements that he is rehabilitated justify "extraordinary and compelling" circumstances to justify compassionate release. Defendant's claim that his post-conviction rehabilitation supports his compassionate release request is not extraordinary and compelling because the Court cannot find that Defendant's good behavior and programming is so uncommon that is qualifies as "extraordinary" or so forceful that it is "compelling." *United States v. Proctor*, No. 5:11-cr-30-TBR, 2021 WL 1992131, at *8 (W.D. Ky. May 18, 2021), reconsideration denied, No. 5:11-cr-030-TBR, 2021 WL 5912160 (W.D. Ky. Dec. 14, 2021); *See United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *3 (E.D. Mich. Feb. 17, 2021).

While the Court lauds Banks' efforts in prison and believes his writing has benefited him and others in prison[3], his age, lack of any stated medical issues, familial issues that would provide a basis to this Court to reduce Banks' sentence or release him, the Court denies his motion.

---

[3] The Court has reviewed Banks' book of contemporary poetry and believes it is a positive way to spend his time while incarcerated. R.R. Banks, "Trans-Thinking Poetry: A remarkable thought provoking book of contemporary poetry." https://www.amazon.com/Trans-Thinking-Poetry-remarkable-provoking-contemporary/dp/B09LGTTM72/ref=sr_1_3?crid=2H63XOWJ119YF&keywords=trans-thinking+poetry&qid=1657802877&sprefix=trans-think%2Caps%2C466&sr=8-3.

The Court hereby DENIES Banks' Motion for Compassionate Release (Doc. 174).

**IT IS SO ORDERED.**
**DATED:  July 15, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
