IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ROBERT R. BANKS,<br><br>    Defendant. | Case No. 03-cr-40019-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of motions filed by defendant Robert Banks (Docs. 179, 180, 182, & 183). These are his latest gambits to overturn or reduce his sentence.

Banks was sentenced on July 27, 2005, to serve 360 months in prison. Since then he has appealed his sentence and has filed a motion to correct a clerical error (Doc. 142), a motion under 18 U.S.C. § 3582(c)(2) for retroactive application of Sentencing Guideline Amendment 782 (Doc. 148), and a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 150). The Court did not grant any of the motions.

In November 2016, the Seventh Circuit Court of Appeals sanctioned Banks for repeatedly filing frivolous papers:

> Banks is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit, in accordance with *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995). Any papers he submits attacking his current criminal judgment, including future collateral attacks, shall be returned unfiled and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise.

*Banks v. United States*, No. 16-3925, slip op. at 2 (7th Cir. Nov. 30, 2016). Banks subsequently

filed a motion to set aside his judgment (Doc. 164) which was stricken pursuant to this filing ban.  Banks paid his $500 fine in July 2019.

Banks then filed a motion to reduce his sentence under § 404 of the First Step Act (Doc. 168), and numerous motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 170, 172, & 174).  Again, the Court denied all these motions, finding that § 404 of the First Step Act does not apply to him.

In September 2022, attorney Elizabeth Eve Budnitz filed an appearance on Banks's behalf and she remains on the docket sheet as his counsel.  Since then, Banks has filed two motions for appointment of counsel (Docs. 179 & 182).  The first motion seeks counsel for the purpose of filing a motion for under § 404 of the First Step Act.  The second seeks counsel for the purpose of filing a motion for compassionate release.  The Court **DENIES** both motions because Banks is already represented by Budnitz and because, at least with respect to his first request for counsel, he is ineligible for relief under § 404 of the First Step Act.

Banks has also filed two other motions (Docs. 180 & 183).  Banks filed these motions *pro se* although, as noted above, he is represented by counsel.  "[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions."  *United States v. Khatib*, 606 F. App'x 845, 847 (7th Cir. 2015) (citing *United States v. Williams,* 495 F.3d 810, 813 (7th Cir. 2007)).  "Representation by counsel and self-representation are mutually exclusive."  *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).  So-called "hybrid representation" confuses and extends matters at trial and in other proceedings.  *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001).  The Court may strike as improper any such *pro se* motions.  *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).  The Court hereby **ORDERS** that

Banks's *pro se* motions (Docs. 180 & 183) be **STRICKEN**.[1]

**IT IS SO ORDERED.**
**DATED:  August 28, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] As a matter of discretion, the Court entertains motions regarding counsel even if a party is represented.  Otherwise a litigant's complaints about counsel are unlikely to be heard.

3